UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| DELMYS GARCIA, on behalf of herself and all others similarly situated, </br></br> Plaintiff, </br></br> vs. </br></br> CONVERGENT OUTSOURCING, INC., </br></br> Defendant. | Civil Action No.: </br></br></br></br></br></br> DEMAND FOR JURY TRIAL |

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff Delmys Garcia ("Plaintiff") brings this action against Defendant Convergent Outsourcing, Inc., ("Defendant" or "Convergent") both on an individual basis and on the behalf of all others similarly situated, pursuant to Fed. R. Civ. P. Rule 23, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, and alleges as follows:

**PRELIMINARY STATEMENT**

1. In 1977 Congress enacted Title 15 of the United States Code § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive

debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id*.; § 1692k.

3. In determining whether a collection letter violates the FDCPA, courts in the Eleventh Circuit apply the "least sophisticated consumer standard." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010). The standard takes into account that consumer protection laws are not made for the protection of experts, but for the public, which includes the credulous and the naïve.

4. Under the least sophisticated consumer standard, a collection letter may violate the FDCPA if a communication constitutes a deceptive means to collect an alleged debt. For instance, a written communication that is deceptive may be open to more than one reasonable interpretation, at least one of which is inaccurate.

5. The FDCPA does not ordinarily require proof of an intentional violation, and is considered a strict liability statute, whereby a single violation is sufficient to establish civil liability against the debt collector.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq*, and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides and where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

8. Plaintiff is a natural person and a resident of Cape Coral, Florida.

9. Plaintiff is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3).

10. Upon information and belief, Defendant's principal place of business is located at 800 SW 39th Street, Suite 100, Renton, Washington 98057 and its designated agent for service of process, CT Corporation System, is located at 1200 S. Pine Island Rd, Plantation, Florida 33324.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

    (a) all individuals with addresses in the state of Florida;

    (b) to whom Defendant Convergent sent a collection letter attempting to collect a consumer debt on behalf of T-Mobile, USA;

    (c) which offers a 50% "Reduced Balance Opportunity" the payment of which purportedly "does not satisfy the full balance"; and

    (d) states on a detachable payment coupon that payment of the 50% reduced balance would satisfy the account in full; and

    (e) which was sent on or after a date one (1) year prior to the filing of this action.

15. Excluded from the Class are Defendant and all officers, members, partners,

3

managers, directors, and employees of Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692e.

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy**: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor Plaintiff's counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority**: A class action is superior to the other available means for the fair and

efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

18. Depending on the outcome of further investigation and discovery, Plaintiff reserves the right to amend the class definition.

## STATEMENT OF FACTS

19. Some time prior to June 25, 2020, a purported debt of $341.82 (the "Debt") was allegedly incurred to T-Mobile, USA ("T-Mobile"). The alleged debt of $341.82 purportedly owed to T-Mobile arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. The alleged T-Mobile obligation is a "debt" as defined by 15 U.S.C.§1692a(5).

21. The Debt went into default and was upon information and belief was assigned to Defendant for collection sometime prior to June 25, 2020.

22. On or about June 25, 2020, Defendant mailed Plaintiff a collection letter (the "Letter"). *See* Exhibit A.

23. Upon information and belief the Letter was the first written communication

between Defendant and Plaintiff (collectively "the Parties"). Plaintiff received the Letter and read it.

24. Above the body of the Letter a banner contains the statement "Reduced Balance Opportunity."

25. The Letter advises that "collection activity will stop if you pay 50% of your total balance due. The amount you would need to pay is $170.91."

26. The Letter goes on to state that "the offered amount [of $170.91] does not satisfy the full balance and the remaining balance will be reported to T-Mobile, USA."

27. Below the body of the Letter is a detachable payment coupon wherein Plaintiff or the least sophisticated consumer may accept the 50% "Reduced Balance Opportunity" by checking the corresponding box as follows:



28. After reading the earlier statement that payment of the offered amount "does not satisfy the full balance" Plaintiff became confused and uncertain after reading the detachable payment coupon which contains the statement: "Enclosed is my payment of $170.91 (a 50% discount). My account is now satisfied in full."

29. Whether payment of an amount would satisfy the outstanding balance owed is an inherently material part of the offer.

30. After reading the Letter, Plaintiff became confused and uncertain whether payment of $170.91 (a 50% discount), would satisfy the full balance owed.

31. The Letter is susceptible to multiple interpretations, at least one of which is

6

inaccurate, because payment of the 50% reduced balance would either satisfy the account in full or not; both cannot be true.

32. After reading the Letter, Plaintiff became confused by Defendant's representation that "collection activity will stop if you pay 50% of your total balance due" due to the additional representation that "the offered amount does not satisfy the full balance and the remaining balance will be reported to T-Mobile, USA" which leaves open the possibility that T-Mobile may continue to pursue collection of the remaining amount due.

33. The juxtaposition of the misleading, inconsistent and contradictory statements in the Letter undermined the ability of Plaintiff and the least sophisticated consumer to respond intelligently and resolve the debt.

34. The Letter constitutes deceptive, misleading and unfair collection practices.

35. As a result of these deceptive, misleading and unfair collection practices, Plaintiff has been harmed.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq*.

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

37. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

38. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39. Defendant violated said section by making false and misleading representations in violation of § 1692e(10).

7

40. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)  Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b)  Awarding Plaintiff and the Class statutory damages;

(c)  Awarding Plaintiff and the Class actual damages;

(d)  Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

(e)  Awarding pre-judgment interest and post-judgment interest; and

(f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: July 23, 2020                    **COHEN & MIZRAHI LLP**

/s/ Yosef Steinmetz
YOSEF STEINMETZ
Florida Bar No. 119968

300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
yosef@cml.legal

*Attorneys for Plaintiff*